UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| WILLIAM BURFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 7:21-cv-126 |
| | ) |
| COMPATTIA ROCCIA MANAGEMENT | ) |
| GROUP, LLC; and JENELLE A. GRACI, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, WILLIAM BURFORD ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC and JENELLE A. GRACI ("CRMG" and "Graci" respectively and "Defendants" collectively):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, *et seq.* ("TDCA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. §1692k.

4. This Court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Midland, Midland County, Texas.

7. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

9. Defendants are debt collectors as that term is defined by the FDCPA and TDCA.

10. Within the last year, Defendants contacted Plaintiff in connection with their attempts to collect a consumer debt.

11. CRMG is a New York-organized limited liability company, debt buyer, and national debt collection agency located in the City of Buffalo, Erie County, State of New York.

12. Graci is a natural person residing in the City of Buffalo, Erie County, State of New York.

13. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendants it is assigned an account number.

15. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

16. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

17. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means

of telecommunication, such as by telephone and facsimile.

18. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## WILLIAM BURFORD v. COMPATTIA ROCCIA MANAGEMENT GROUP, LLC

19. CRMG is attempting to collect a consumer debt from Plaintiff, allegedly arising from Lacks Store.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. Within the past year of Plaintiff filing this Complaint, CRMG began calling Plaintiff on Plaintiff's cellular telephone at xxx-xxx-0120, in an attempt to collect the alleged debt.

22. Within the past year of Plaintiff filing this Complaint, CRMG sent Plaintiff the following text message: "Your account with LACKS STORES INC is severely past due, you can: Pay Online: https://yng.link/Fi165562Kx, Text/Call us: (916) 776-6696, www.crmgllc.us."

23. Plaintiff replied the above-referenced text message "Who is this."

24. CRMG sent the message transcribed in paragraph 22 again.

25. The voicemail messages failed to disclose the communication is from a debt collector.

26. The voicemail messages failed to disclose the communication is an attempt to collect a debt.

27. CRMG's collector(s) were working within the scope of their employment when they communicated with Plaintiff.

28. CRMG's collector(s) are or should be familiar with the FDCPA.

29. CRMG's collector knows or should know that the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

30. CRMG's collector knows or should know the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose when communicating with a consumer.

## WILLIAM BURFORD v. JENELLE A. GRACI

31. Graci is an owner, officer, and/or director of CRMG.

32. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp.2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

33. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); See also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal. 2008).

34. Graci was responsible for setting the policies and procedures related to the collection practices of CRMG's employees and directed them to specifically act in the manner described above.

35. Graci created the collection policies and procedures used by CRMG, and its respective employees and agents, in connection with their common efforts to collect consumer debts.

36. Graci managed or otherwise controlled the daily collection operations of CRMG.

37. Graci oversaw the application of the collection policies and procedures used by CRMG and its employees and agents;

38. Graci drafted, created, approved and ratified the tactics and scripts used by CRMG and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged above.

39. Graci ratified the unlawful debt collection practices and procedures used by CRMG and its employees and agents in connection with their common efforts to collect consumer debts.

40. Graci had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by CRMG and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged above.

41. Graci knew that CRMG repeatedly or continuously engaged in collection practices of her design, approval, or ratification.

## COUNT I
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

42. Defendant violated the FDCPA based on the following:

    a. Defendants violated § 1692d(6) of the FDCPA by placing a telephone call to Plaintiff without meaningful disclosure of the caller's identity, when CRMG's collector sent Plaintiff a text message and did not disclose the communication was from Compattia Roccia Management Group, LLC;

    b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or

misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

c. Defendants violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when CRMG's collector sent text messages to Plaintiff's telephone and did not disclose the communication is from a debt collector and that any information obtained will be used for that purpose; and

d. Defendants violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendants engaged in the foregoing conduct.

WHEREFORE, Plaintiff, WILLIAM BURFORD, respectfully requests judgment be entered, both jointly and severally, against Defendant, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC and JENELLE A. GRACI for the following:

43. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

44. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

45. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANTS VIOLATED THE TEXAS DEBT COLLECTION ACT

49. Plaintiff repeats and realleges paragraphs 1-41 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

50. Defendants violated the TDCA based on the following:

    a. Defendants violated Tex. Fin. Code §392.304 by using fraudulent, deceptive, or misleading representations by failing to disclose that that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose and by failing to disclose that the communication was from a debt collector, when CRMG text Plaintiff in an attempt to collect a debt without provided proper disclosures.

WHEREFORE, Plaintiff, WILLIAM BURFORD, respectfully requests judgment be entered against Defendant, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC and JENELLE A. GRACI for the following:

51. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

52. For attorneys' fees, costs and disbursements;

53. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

54. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Honorable Court may deem just and proper.

DATED: July 16, 2021                RESPECTFULLY SUBMITTED,

                              By: /s/ Michael S. Agruss
                                  Michael S. Agruss
                                  IL Bar No. 6281600
                                  4809 N. Ravenswood Avenue, Suite 419
                                  Chicago, IL 60640
                                  Tel: 312-224-4695
                                  Fax: 312-253-4451
                                  michael@agrusslawfirm.com
                                  *Attorney for Plaintiff*